Nicholsoít, C. J.,
delivered the opinion of the court.
The Justices of the County Court of Campbell ■county entered into a contract with Jonathan S. Lindsay to construct a second-class road from Jacksboro to the house of G. ■ W. Sharp, in Campbell county, for which they agreed to pay $650 out of the public funds of the county. Lindsay constructed the road according to contract, and the same was received by the justices, and thereupon they proceeded to assess a special tax upon property and polls to raise the funds for the payment of the work. A bill was .filed by John H. Hunter against the justices of Campbell county •contesting their power to assess and have collected the tax so assessed, and upon appeal to this court it was •determined that the County Court had no such power. Thereupon Lindsay commenced this action against Jas. H. Grant and twenty-two other justices of the County ■Court, to hold them personally responsible for the payment of the amount agreed to be paid for the road. Under the charge of ' the Circuit Judge the jury returned a verdict in favor of the plaintiff, and the defendants have appealed.
*665 Before proceeding to consider the questions arising in this case, it is proper to remark that when the County Court was acting upon the motion to have the road made, the question was discussed whether they had the power to assess a tax for such purpose, and the plaintiff being present took part in the discussion, maintaining that the County Court possessed the power. The court come to the conclusion that they had the power, and so decided, but it does not appear that they were influenced in their decision by any thing urged in the discussion by the plaintiff; but it does appear, upon his own admission, that 'when he after-Avard made the contract to build the road he did so ■entirely upon the credit of the county, and not upon the personal responsibility of the justices of the court. It appears also that the order of the court for making the road, to be paid for by the county, was made under an honest mistake as to the power of the court, a.nd that plaintiff labored under the same mistake as to the law.
It is apparent that in making the order for building the road, and in entering into the contract with defendant for its construction, and in assessing the tax to pay for the work, the justices were acting in the capacity of agents of the county. Their liability, therefore, must depend upon the character of their ■agency. The law is that “ every county is a corporation, and the justices in the County Court assembled are. the representatives of the county, and authorized to act for it.” Code, sec. 402. Their powers, as such representatives, are defined by the statutes, and *666 outside of these they can do no act binding on the-county. The power conferred on the County Courts are-of several distinct kinds, but sometimes so closely allied in their natures that the distinctions are not readily perceived. The laying of a county tax is characterized as a municipal power, given for the regulation of the fiscal affairs of the county. 8 Hum., 634. The power to impose taxes for county purposes is not judicial, and might have been confined to any other-agents. 7 Hum., 146. An order to build a court house is only a police order. 5 Sneed, 515. The power to open roads is exercised by the County Couris not as a judicial but a municipal function. 8 Hum., 342. But in all cases which involve the rights of individuals, on which the County Courts are authorized to adjudicate, they exercise judicial powers. The powers conferred on the County Courts are termed judicial, municipal, and- police power. The Constitution authorizes the Legislature to vest in the courts of justice such powers with regard to private and local affairs as may be .deemed expedient. Art. 11, sec. 9„ Under this provision of the Constitution the Legislature has vested in the County Courts the power defined in the Code in regard to taxation and to roads. The County Courts are thereby constituted corporations with defined powers, and with the justices thereof as representatives of the county. They can exercise that portion of the sovereignty of the State communicated to them by the Legislature and no more. In the exercise of the powers so conferred they become miniature legislatures, and the powers so exercised by *667 them, whether they are called municipal or police, are-in fact legislative powers.
By reference to the proceedings which took place in the County Court of Campbell, which we find in the record, it appears that on motion it was ordered that $650 be appropriated to make the road as reviewed by J. S. Lindsay and others, and that commissioners be appointed to let it out. It is clear that the County Court were acting under their general powers, as laid down in the Code, to open new or-repair or change old roads, upon the reports of juries-of view, and not under sec. 1257 of the Code, which authorizes the County Courts to provide for making certain private or local improvements therein specified-But even if the order was made under this section it was correctly decided in the case of Hunter v. Justices of Campbell county, 7 Col., 55, that the authority of the County Court under this section has no reference to works of public improvement to be undertaken, made and paid for by the county.
We have seen that neither the ordering of' a road to be made or opened, or the assuming of county taxes, is a judicial act. It follows that the action, of the^ County Court, in the present case, was legislative, and that in the exercise of their legislative functions they exceeded their power under an honest mistake as to the scope and extent of those powers.
It is well settled that a judicial officer can not be held personally liable for errors of judgment, except when they are committed in the arbitrary, corrupt and malicious exercise of an assumed judicial authority,. *668 without regard to the question of his jurisdiction. Cope v. Ramsay, 2 Heis., 200. The same reason which will exempt a judge from liability to an injured party, growing out of mistaken judgment, uninfluenced by malice or corruption, must apply with equal force •to a- legislator who has honestly mistaken his powers. Any other doctrine would be ruinous either to the judicial or legislative department. It is true that in the case of the Franklin and Columbia Turnpike Co. v. the County Court of Maury, 8 Hum., 342, Judge 'Turley, by way of censuring the conduct of the County Court in that case in ordering a road to be opened for the purpose of enabling citizens to shun a tollgate, intimated strongly that an action might be maintained for damages against the County Court, but the remark was only a dictum, and indicated clearly that the - ordering of the road was not made upon a mere mistake of their power, but from malicious motives. In that view ,we are not disposed to dissent from the ■remark. In the. present case there is no ground to ■doubt as to the entire honesty of the action of the County Court and of the defendants. It is, therefore, •one of those cases in which an innocent party must suffer injury, and in our view the law, based, upon sound principle of public policy, fixes the loss on the defendant. Having reached this conclusion, it is not necessary to notice the several questions of law discussed as to the liability of public agents, but hold that those principles of law relied on have no application to the present case.
The judgment is reversed.